```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
In re:                            |
                                  |
WORLDCOM, INC., et al.,           |
                                  |
            Debtors.              |
----------------------------------X
BEEPWEAR PAGING PRODUCTS, LLC,     |
                                  |          06 Civ. 5245 (KMW)
            Appellant,            |
                                  |          OPINION AND ORDER
    -against-                     |
                                  |
SKYTEL CORP.,                     |
                                  |
            Appellee.             |
----------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

Beepwear Paging Products, LLC ("Beepwear") appeals from a decision of the United States Bankruptcy Court for the Southern District of New York (Arthur J. Gonzalez, Bankruptcy Judge) granting summary judgment to Debtor SkyTel Corp. ("SkyTel") and denying partial summary judgment to Beepwear on one of Beepwear's proofs of claims against SkyTel.  For the reasons stated below, the decision of the Bankruptcy Court is affirmed.


**BACKGROUND**

In 1998, Beepwear and SkyTel entered into a Joint Marketing Agreement to promote SkyTel's wireless messaging service to owners of Beepwear's pager watch. (Binder, Ex. 13, Ex. A.)  The Joint Marketing Agreement was amended in 1999 and in 2000.  (Id., Ex. 13, Exs. B-C.)  After disputes arose between Beepwear and

1

SkyTel, they signed a Settlement Agreement, Release and Covenant Not To Sue ("Settlement") in 2001.  (Id., Ex. 13, Ex. D [hereinafter Settlement].)  SkyTel agreed to pay Beepwear $2,026,000 in four equal installments; in return, the parties agreed that the Settlement would be "a full and final compromise and settlement of all such claims, differences and alleged causes of action."  (Settlement 1.)  SkyTel paid $1,013,000 of the Settlement sum before this action arose.

On November 20, 2002, SkyTel rejected both the Joint Marketing Agreement and the Settlement, pursuant to 11 U.S.C. § 365(a).  (See Binder, Ex. 13, Ex. E.)  Beepwear then filed two proofs of claim based on those rejections.  SkyTel does not contest the first proof of claim (number 10335), for $1,013,000, the sum still owed under the Settlement.  It does contest the second proof of claim (number 10345), for $4,825,658.12, based on alleged damages from the rejection of the Joint Marketing Agreement.

The parties each moved for summary judgment on claim number 10345.  The Bankruptcy Court granted summary judgment to SkyTel. In re WorldCom, Inc., No. 02-13533 (AJG), 2006 WL 2400326 (Bankr. S.D.N.Y. May 31, 2006) [hereinafter Opinion].

**DISCUSSION**

**I.    Legal Standards**

On appeal, a district court reviews a bankruptcy court's conclusions of law de novo.  United States ex rel. Grynberg v. Enron Corp. (In re Enron Corp.), No. 06 Civ. 2684 (RJH) (AJG), 2007 WL 646129, at *2 (S.D.N.Y. Mar. 2, 2007).

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.  In considering the parties' summary judgment motions, the Court must resolve all ambiguities and credit all factual inferences in favor of the nonmoving party.  McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007).

Under Delaware law,[1] a settlement agreement is construed using the principles of contract interpretation.  W.L. Gore & Assocs., Inc. v. Wu, No. Civ.A. 263-N, 2006 WL 2692584, at *15 (Del. Ch. Sept. 15, 2006).  The interpretation of contract language is a question of law for the Court.  GB Biosciences Corp. v. Ishihara Sangyo Kaisha, Ltd., 270 F. Supp. 2d 476, 481 (D. Del. 2003).  If the language of a contract is clear and unambiguous, the Court may not look to extrinsic evidence, and should resolve the dispute on summary judgment.  Id.

---

[1] Delaware law governs this action pursuant to either section 16(g) of the Joint Marketing Agreement or paragraph 15 of the Settlement.

3

## II.   **The Settlement Is a Novation**

The opinion of the Bankruptcy Court should be affirmed because the Settlement operates as a novation of the Joint Marketing Agreement, rather than as an accord, as Beepwear claims.

A novation (also known as a substituted contract) "occurs when the parties intend the new contract to replace all of the provisions of the earlier contract." China Res. Prods. (U.S.A.) Ltd. v. Fayda Int'l, Inc., 747 F. Supp. 1101, 1106 (D. Del. 1990) (internal quotation marks omitted).  A novation "discharges the obligations arising out of the old contract without regard to performance by the parties to the new contract." Shore Builders, Inc. v. Dogwood, Inc., 616 F. Supp. 1004, 1020 (D. Del. 1985). By contrast, an accord occurs when "one party to an existing contract may agree with the other party to accept from him in the future a stated performance in satisfaction of the subsisting contractual duty." Jefferson Island Salt Mining Co. v. Empire Box Corp., 23 A.2d 106, 108 (Del. Super. 1941).  If the debtor breaches an accord before making full satisfaction of the debt, the creditor may enforce either the original contract or the accord.  Id.

If the parties intended the Settlement to operate as a novation, Beepwear is limited to recovery under the Settlement. Only if the Settlement was not a novation but an accord may

4

Beepwear press its proof of claim based on SkyTel's rejection of the Joint Marketing Agreement.

To establish that the Settlement operates as a novation of the Joint Marketing Agreement, SkyTel must prove four elements: "(1) a previous valid debt; (2) extinguishment of the old contract; (3) agreement of all parties to a new contract; and (4) validity of a new one." Transportes Aereos de Angl. v. Ronair, Inc., 693 F. Supp. 102, 107 (D. Del. 1988). Assent to extinguish the original debt is required; it may be implied from the acts of the parties. Id. Here, elements (1), (3), and (4) are not disputed.

SkyTel has also proven the second element, because the Settlement evinces an unambiguous intention to extinguish the Joint Marketing Agreement to the extent its terms are inconsistent with those of the Settlement.[2]  The Settlement's

---

[2] Beepwear argues that resolution of the issue by summary judgment is inappropriate, because the parties' intent to extinguish the original agreement is a question of fact. However, if the language of the contract is unambiguous, "the parties' intent is ascertained by giving the language of the contract its ordinary meaning." Intel Corp. v. Broadcom Corp., 173 F. Supp. 2d 201, 220 (D. Del. 2001); see also John F. Harkins Co. v. Waldinger Corp., 796 F.2d 657, 660 (3d Cir. 1986) ("Discerning contractual intent is a question of fact unless the provisions of a contract are wholly unambiguous." (internal quotation marks omitted)); Nat'l Am. Corp. v. Fed. Republic of Nigeria, 448 F. Supp. 622, 643 (S.D.N.Y. 1978) (noting that intention to create novation versus accord "may be demonstrated conclusively by the documents, in which case the conclusion is one of law").  The construction and application of unambiguous contract language is a question of law for the Court. Rhone-Poulenc Basic Chems. Co. v. Am. Motorists Ins. Co., 616 A.2d 1192, 1195-96 (Del. 1992).  Because the Court finds that the Settlement unambiguously extinguishes the relevant portions of the Joint Marketing Agreement, summary judgment is appropriate.

stated goal is a "full and final compromise and settlement" of all claims. (Settlement 1.)  In support of this goal, Beepwear agreed to

> release[] and discharge[] SkyTel . . . from any and all actual or potential claims, demands, suits, actions, and causes of action of any kind whatsoever . . . caused by, resulting from, arising out of or in any manner connected with SkyTel's obligation under the Joint Marketing Agreement to purchase Pager Watches from Beepwear and to market, sell, advertise and promote Pager Watches.

(Id. ¶ 6; see also id. ¶ 7 ("Beepwear shall not hereafter institute any suit, action or proceeding against [SkyTel] . . . seeking to institute or maintain an action arising out of or in connection with any Claim herein released.").)  The Settlement further specified that it is "the entire agreement between or among the parties hereto with respect to the subject matter hereof, supersedes any and all prior communications, negotiations and agreements between or among the parties pertaining to the subject matter hereof, and represents their full and complete understanding with respect to the subject matter hereof." (Id. ¶ 10.)  The language cited above makes it clear that the parties intended the Settlement to substitute immediately for the Joint Marketing Agreement with respect to any claim Beepwear might bring against SkyTel for breach of contract.[3]

_____

[3] Beepwear notes the Settlement's statement that "[e]xcept as expressly provided herein, the terms of the Joint Marketing Agreement are unchanged and shall remain in full force and effect." (Id. ¶ 5.) As the Bankruptcy Court pointed out, however, this provision is not relevant: Beepwear's argument that the provision preserves the Joint

Court decisions from Delaware and other jurisdictions support the view that a new contract's release of parties' claims under an old contract proves that the parties intended to novate the old contract.  In Jefferson Island (a decision cited by both Beepwear and SkyTel), the Delaware Superior Court was called on to determine whether a 1940 contract that modified the terms of a 1939 contract was an accord or a novation.  The court concluded that the 1940 contract was a novation, because the plaintiff had offered to waive any claim for breach of the 1939 contract. Jefferson Island, 23 A.2d at 108.  The Bankruptcy Court for the District of Delaware reached a similar conclusion in In re Worldwide Direct, Inc., 268 B.R. 69 (Bankr. D. Del. 2001).  The court (applying Ohio law) cited release language very similar to the language contained in the Settlement here, and concluded that "[t]his language clearly evinces the intent to create a substituted contract."  Worldwide Direct, 268 B.R. at 72; accord Nat'l Am. Corp. v. Fed. Republic of Nigeria, 448 F. Supp. 622, 643-44 (S.D.N.Y. 1978).

Because SkyTel has proven all the elements of the affirmative defense of novation, it is entitled to summary judgment.[4]

---

Marketing Agreement in full is precluded by the qualification "except as expressly provided herein."

[4] Because the Court finds that SkyTel has proven that the Settlement was a novation, it need not separately analyze Beepwear's alternative argument that the Settlement was an accord.

7

### III. <u>SkyTel's Rejection of the Settlement Has No Effect on the Settlement's Operation as a Novation</u>

Beepwear asserts that because SkyTel rejected the Settlement pursuant to 11 U.S.C. § 365(a), it cannot then benefit from the Settlement by claiming it as a novation of the Joint Marketing Agreement.  This argument is baseless.

Beepwear correctly notes that "[b]ankruptcy law does not allow a debtor to reject a contract but still maintain its benefits.  The debtor must either reject the contract in full, or assume it in full." <u>United Assocs. of Del., L.P. v. Del. Solid Waste Auth. (In re United Assocs. of Del., L.P.)</u>, 140 B.R. 368, 372 (Bankr. D. Del. 1992).  In <u>United Associates</u>, for example, the court refused to allow a debtor to seek damages from a customer based on a formula set out in a contract that the debtor had already rejected.  <u>Id.</u>  Here, however, SkyTel rejected the Settlement in full, and is not attempting to maintain any benefit under the Settlement.[5]

Beepwear argues that SkyTel does attempt to maintain a

---

[5] Beepwear emphasizes one vague sentence in the Bankruptcy Court's opinion: "In this case, SkyTel did reject the Settlement Agreement in full, pursuant to section 365(a), and is not trying to reap any benefit from the agreement, but is simply benefiting from the controlling agreement as offered to the prior agreement."  (Opinion, 2006 WL 2400326, at *6.)  While SkyTel "benefits" from the Settlement in that the Settlement requires SkyTel to pay less than the Joint Marketing Agreement would have, this is not the sense of "maintaining a benefit" meant in <u>United Associates</u>: asserting one favorable claim under an otherwise rejected contract.  SkyTel asserts no claim under the Settlement.

benefit from the Settlement by seeking its enforcement as a novation, which Beepwear claims (without reference to any case law) is an improper affirmative use.  But the Settlement extinguished Beepwear's claims for breach of the Joint Marketing Agreement when it took effect in 2001, irrespective of SkyTel's litigation position in 2006.  Although SkyTel has the burden of proof that the Settlement is a novation, its advocacy of this position does not constitute "maintaining a benefit."  See AGV Prods., Inc. v. Metro-Goldwyn-Mayer, Inc., 115 F. Supp. 2d 378, 390 (S.D.N.Y. 2000) (noting that, in bankruptcy, contract cannot be partially assumed or partially rejected, and contrasting such impermissible stance with "novation of an entire contract").

**CONCLUSION**

For the reasons stated above, the opinion of the Bankruptcy Court is affirmed.  The Clerk of Court is directed to close this case; any pending motions are moot.

SO ORDERED.

Dated:    New York, New York
          July 13, 2007

                                    Kimba M. Wood
                              United States District Judge

9